# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re Detention of: | No. 51245-9-II |
| Z.C. | |
| Petitioner. | UNPUBLISHED OPINION |

MELNICK, J. — ZC appeals a 180-day least restrictive alternative (LRA) treatment order. After the trial court entered the LRA order, it vacated the order and dismissed the matter with prejudice.

ZC argues that he did not waive his right to a jury trial on the LRA petition, the trial court erred in finding he was gravely disabled, the trial court erred in failing to find that LRA treatment was in ZC's best interest, and the trial court's findings of fact and conclusions of law lack specificity. Because there is no further relief that we can provide, we dismiss ZC's appeal as moot.

## FACTS

ZC was diagnosed with schizophrenia and admitted to Western State Hospital (WSH) in January 2017. In May 2017, the parties agreed to a 180-day civil commitment order. In June 2017, WSH released ZC to an inpatient mental health facility under a conditional release order.

In November 2017, the State petitioned for a 180-day LRA order where ZC would transition to outpatient treatment. Three days later, the trial court entered the 180-day LRA order. ZC appealed.

After the appeal had been filed, the State recognized a procedural error during the November 2017 proceedings and requested permission from this court to file a motion to vacate the LRA order with the trial court. A commissioner of this court denied the motion, ruling that permission was not needed under RAP 7.2(e).[1] The State then filed a motion to vacate the LRA order with the trial court. The trial court granted the motion and "dismissed with prejudice." Clerk's Papers at 87.

## ANALYSIS

The dispositive issue in this appeal is whether the matter is moot. We decide that it is.

Generally, we do not consider cases that are moot. *City of Sequim v. Malkasian*, 157 Wn.2d 251, 259, 138 P.3d 943 (2006). A case is moot if this court cannot provide any effective relief. *Malkasian*, 157 Wn.2d at 259. But a matter is not moot if "collateral consequences flow from" the court's decision. *In re Detention of M.K.*, 168 Wn. App. 621, 626, 279 P.3d 897 (2012). In general, an individual's release from detention following an involuntary civil commitment does not render an appeal moot because a prior civil commitment can be considered in a later commitment proceeding. *M.K.*, 168 Wn. App. at 626.

Even if a matter is moot, we have discretion to decide a moot matter if the question is of continuing and substantial public interest. *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 152, 437 P.3d 677 (2019).

---

[1] The State filed a motion to modify this ruling and we hereby deny that motion.

Here, the trial court vacated the 180-day LRA order and dismissed the matter with prejudice. There are no collateral consequences from a vacated order. Moreover, ZC's issues regarding whether he waived his right to a jury trial, whether the trial court erred in finding he was gravely disabled and in failing to find that LRA treatment was in his best interest, and whether the findings of fact and conclusions of law lack specificity are not questions of continuing and substantial public interest.

Because there is no further relief that this court can provide, the matter is moot. Accordingly, we dismiss this appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Maxa, C.J.

_____
Sutton, J.

3